```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

CHERYL CHAMBERLAIN,

      Plaintiff,

  v.

UNITED STATES POSTAL SERVICE,
NATIONAL ASSOCIATION OF
LETTER CARRIERS LOCAL BRANCH
370, and JASON AUSBORN, et
al.,

      Defendants.

1:16-cv-04941-NLH-AMD

**OPINION**

**APPEARANCES**:

DAVID R. CASTELLANI
CASTELLANI LAW FIRM, LLC
450 TILTON ROAD
SUITE 245
NORTHFIELD, NJ 08225
    On behalf of Plaintiff

JESSICA ROSE O'NEILL
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
401 MARKET STREET
4TH FLOOR
P.O. BOX 2098
CAMDEN, NJ 08101
    On behalf of USPS Defendants

WENDY M. LAMANQUE
COHEN WEISS & SIMON LLP
900 THIRD AVENUE
21ST FLOOR
NEW YORK, NY 10022-4869
    On behalf of Union Defendants

**HILLMAN, District Judge**

    This matter concerns claims by Plaintiff against her

employer, the United States Postal Service, and her union and her union representative regarding her termination from employment.  Presently before the Court is the motion of the union and union representative to dismiss Plaintiff's claims against them based on lack of service of process and for failure to state a claim.  For the reasons expressed below, Defendants' motion will granted in part and denied in part.

### BACKGROUND

According to her complaint, on September 8, 2015, Plaintiff, Cheryl Chamberlain, was driving a United States Postal Service ("USPS") vehicle when she was involved in a motor vehicle accident.  At the time, Plaintiff's driver's license had been suspended six days before for unpaid parking tickets, but she was not aware of the suspension.  On September 28, 2015, the USPS issued a notice of removal to Plaintiff for operating a postal vehicle without a valid driver's license.  Plaintiff filed a grievance, which proceeded through the grievance process under the collective bargaining agreement between the USPS and her union, Defendant National Association of Letter Carriers, AFL-CIO ("NALC").  On December 11, 2015, the dispute resolution team resolved the grievance by offering Plaintiff a last-chance agreement, which required her signature by December 24, 2015 or she would be removed from employment with USPS.  Plaintiff signed the agreement on December 22, 2015.

During the grievance process while Plaintiff was in suspended status, Plaintiff was charged with driving while intoxicated. On November 4, 2015, she pleaded guilty to the charge, which resulted in a seven-month license suspension. Plaintiff claims that her Union representative, Defendant Jason Ausborn, advised Plaintiff not to reveal her DWI and the seven-month license suspension to her immediate supervisors at the USPS.

Plaintiff claims that prior to the time she signed the last-chance agreement on December 22, 2015, Ausborn advised Plaintiff's supervisors of her DWI, and that Plaintiff's manager, Patty Marin, who executed the agreement on behalf of the USPS, knew of Plaintiff's license suspension at the time she met with Plaintiff to sign the agreement. Thus, Plaintiff alleges that when the September 28, 2015 grievance was resolved, USPS knew of Plaintiff's license suspension due to the DWI.

The USPS, however, issued another notice of removal on January 4, 2016 to Plaintiff for improper conduct. Plaintiff filed a grievance for that notice, and it was ultimately concluded that even though Plaintiff was not working when her license was suspended on November 4, 2015, she was still an employee of the USPS and obligated to inform management immediately of her suspension. Plaintiff's notice of removal was upheld on February 17, 2016.

Plaintiff filed her original complaint on August 12, 2016, and filed an amended complaint on August 15, 2016, against USPS, the USPS Postmaster General, Megan J. Brennan, NALC, NLAC Local Branch 370, and Local Branch 370 Representative Ausborn for wrongful termination, breach of the duty of fair representation, and negligence/intentional misrepresentation. Plaintiff filed affidavits of service for all Defendants on December 9, 2016 for service effected on September 26, 2016 and October 10, 2016. On December 14, 2016, the Clerk entered default against all Defendants at Plaintiff's request for their failure to appear.

On April 3, 2017, Plaintiff and the USPS Defendants entered into an agreement with Plaintiff where they would accept service,[1] and the Clerk's entry of default would be vacated. On that same date, the USPS Defendants filed their answer.

Also on April 3, 2017, the Union Defendants filed a motion to set aside default. This Court granted that motion on May 22, 2017, noting that Plaintiff had not filed an opposition to the Union Defendants' motion.

On August 14 and 16, 2017, Plaintiff filed executed summonses on Ausborn, NALC Local Branch 270, and NALC. In lieu of filing their answer to Plaintiff's complaint, the Union Defendants have moved to dismiss Plaintiff's claims on several

---

[1] Plaintiff had failed to serve the U.S. Attorney's Office as required by Fed. R. Civ. P. 4(i).

bases. First, the Union Defendants argue that Plaintiff's claims against them should be dismissed for her failure to serve them within 90 days as required by Fed. R. Civ. P. 4(m). Second, the Union Defendants argue that even if Plaintiff's claims are not dismissed for improper service, all Plaintiff's claims fail under Fed. R. Civ. P. 12(b)(6). Plaintiff has filed an opposition to Defendants' motion on the service issue only.

## **DISCUSSION**

### A. Subject matter jurisdiction

Plaintiff brings this action pursuant to the Postal Reorganization Act, 39 U.S.C. § 1208(b), and the Labor Management Relations Act, 29 U.S.C. § 301. Plaintiff also alleges claims under New Jersey state law. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

### B. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has

instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744,

750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**C. Analysis**

    **1. Whether Plaintiff's claims against the Union Defendants should be dismissed for lack of timely service**

The Union Defendants argue that because Plaintiff did not properly serve them with her amended complaint until August 2017, which was a year after she filed her amended complaint, Plaintiff's claims against them should be dismissed. The Court might agree with Defendants if the procedural history were as simple as that. The situation here, however, warrants the discretion afforded to the Court by the federal rules to extend the time for service.

Rule 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Showing good cause "'requires a demonstration of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified by the rule.'" John Vorpahl v. The Kullman Law Firm, 2018 WL 813879, at *2

(D.N.J. Feb. 8, 2018) (quoting Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004)) (other citations omitted). Three factors are considered when determining whether good cause exists: "'(1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve.'" Id. (quoting MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)) (other citations omitted). Even if a plaintiff fails to show good cause, however, the district court must still consider whether any additional factors warrant a discretionary extension of time. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995).

Here, Plaintiff has readily established that good cause exists for a *nunc pro tunc* application of the Rule 4(m) extension of time to serve her complaint on the Union Defendants. At the same time and place Plaintiff served the USPS Defendants – on the postmaster who is the person authorized to accept service at the Atlantic City branch - Plaintiff believed she served the Union Defendants. That service, by a professional process server, was effected within the 90-day window. Because none of the parties appeared in the action, and believing that service had been effected, Plaintiff requested, and the Clerk entered, default against all Defendants on

December 14, 2016.

By March 2017, all the Defendants became aware of Plaintiff's complaint and the default entered against them.[2] At that time, it became clear that service had not been properly effected on the USPS Defendants or the Union Defendants. The USPS agreed with Plaintiff to accept service and vacate default. At the same time, the USPS Defendants filed their answer to Plaintiff's complaint.

The Union Defendants took a different tack. They filed a motion to set aside default, which Plaintiff did not oppose, ostensibly because counsel realized that his original service attempt was not valid. The Court granted the motion to set aside default on May 22, 2017. Within 90 days of that Order, Plaintiff served NALC at its Washington, D.C. headquarters and served the Local Branch 370 and Ausborn at the Local Branch headquarters in Philadelphia, PA.

In their current motion to dismiss, the Union Defendants do not specifically challenge that Plaintiff's second effort at service was invalid;[3] rather they argue it was too late. The

---

[2] It is unclear how the Defendants learned of the case against them, although it is a reasonable assumption that they became aware of Plaintiff's complaint through service on the postmaster.

[3] The Union Defendants state that NALC was served on July 31, 2017, Ausborn was served on August 24, 2017, and Local Branch 370 was "purportedly served" on August 3, 2017. Defendants do

Union Defendants, however, have not convinced the Court that it should not find that good cause exists for the enlargement of time to properly serve the complaint under the circumstances here. The Union Defendants have not articulated any prejudice, other than having to defend themselves from suit, and it is evident that when counsel learned that his first attempt at service, which counsel believed was valid and supported the Clerk's entry of default, was deficient, he timely and validly re-served the Defendants. This is not a case where Plaintiff filed her complaint and did nothing, thus warranting dismissal of the action. Cf. Dieffenbach v. Department of Revenue, 490 F. App'x 433, 436 (3d Cir. 2012) (finding that the district court did not abuse its discretion by dismissing defendant Leach pursuant to Rule 4(m) because on January 12, 2010, the district court ordered that Dieffenbach serve defendant Leach on or before February 9, 2010, but defendant Leach had never been served, and Dieffenbach had never shown good cause for this failure); Sunoco v. Mid-Atlantic Region Retailer Compliance Center, 2012 WL 2870871, at *3 (D.N.J. 2012) (dismissing the plaintiff's complaint for violation of Rule 4 because even after being provided with multiple chances, plaintiff has failed to effect proper and timely service on the defendant).

---

not explain why they consider the service on the Local Branch 370 to be "purported."

As observed in Spence v. LaHood, 2012 WL 2076838, at *7 (D.N.J. 2012) in determining whether, by a finding of good cause or by discretionary exercise,[4] the period for service should be extended to remedy the plaintiff's insufficient service on the defendants *nunc pro tunc*:

> Rules must be enforced to ensure compliance. However, the Federal Rules of Civil Procedure do not anticipate rigid enforcement. Rule 4(m) specifically allows the Court to extend the time for service at its discretion when good cause does not exist. In such exercise of discretion, it is important to balance adherence to procedure with the importance of equitable outcomes. The Federal Rules of Civil Procedure are to be applied in such a way as to promote justice. See Fed. R. Civ. P. 1. Yet the rules also must be applied in such a way as to promote speedy and efficient determinations of an outcome. Id. Justice requires cases reach the Courts in a timely manner so that the defendant is not forced to defend against stale claims, yet justice also requires that Courts strive to resolve cases on their merits whenever possible. Allowing this case to proceed would not create so large or unfair a burden on Defendants as to justify denying Plaintiff the chance for her case to proceed at this stage.

Spence, 2012 WL 2076838, at *7 (D.N.J. 2012) (citing Surowitz v.

---

[4] The court in Spence permitted the plaintiff's case to proceed under its discretionary authority rather than for good cause. In this case, even though the Court finds that good cause exists for the service, the factors to consider in applying this Court's discretionary authority would yield the same result. See Spense, 2012 WL 2076838 at *5 (citing Chiang v. U.S. Small Bus. Admin., 331 F. App'x. 113, 116 (3d Cir. 2009)) (explaining that the discretionary factors are (1) whether the defendant had actual notice of the legal action; (2) whether an extension of the time for service would prejudice the defendant; (3) whether the statute of limitations on the underlying cause of action would expire without an extension; (4) whether the defendant's conduct impeded service; and (5) whether the plaintiff is represented by counsel").

Hilton Hotels Corp., 383 U.S. 363, 373 (1966)) ("The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion . . . . If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on their merits.").

This Court echoes those sentiments, and will deny the Union Defendants' motion to dismiss Plaintiff's complaint against them based on untimely service under Rule 4(m).

        **2.    Whether Plaintiff's claims against the Union Defendants should be dismiss for failure to state a claim under Rule 12(b)(6)**

Permitting Plaintiff's complaint against the Union Defendants to "be carried to an adjudication on the merits" results in a swift resolution for all but one of Plaintiff's claims against them. The Union Defendants argue:

(1) Plaintiff's duty of fair representation ("DFR") claim against Ausborn fails because an individual union representative, as opposed to the union itself, is immune from DFR liability, citing to Carino v. Stefan, 376 F.3d 156, 159–60 (3d Cir. 2004), which explained that "the law is clear that individual union officers are not personally liable to third parties for actions taken on behalf of the union in the

13

collective bargaining process."

(2) Plaintiff's federal DFR claim preempts her state law misrepresentation claim, citing to <u>Bensel v. Allied Pilots Ass'n</u>, 387 F.3d 298, 321 (3d Cir. 2004) (explaining that "state-law causes of action are presumptively preempted where they concern conduct that is actually or arguably either protected or prohibited by federal labor relations law").

(3) Even if not preempted, Plaintiff's state law misrepresentation claim fails because Plaintiff does not allege that Ausborn made a false statement of fact, rather than simply provide bad advice, which is a required element of that cause of action, citing to <u>Bonnieview Homeowners Ass'n v. Woodmont Builders, L.L.C.</u>, 655 F. Supp. 2d 473, 516 (D.N.J. 2009) ("The five elements of common law fraud or misrepresentation are: (1) a material misrepresentation of the presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) a reasonable reliance thereon by the other person; and (5) resultant damages.").

(4) Plaintiff's claims against Local Branch 370 should be dismissed because Plaintiff's complaint does not contain any allegations against it.

In Plaintiff's opposition to the Union Defendants' motion, Plaintiff only provides argument against the dismissal of her

claims for untimely service, and she does not address any of the substantive bases for dismissal argued by the Union Defendants under Rule 12(b)(6). The lack of opposition to a motion to dismiss does not automatically compel a finding in the moving party's favor, but when a plaintiff is represented by counsel, a court may dismiss a plaintiff's claims without an analysis of the merits of the claims. See Jones v. Unemployment Compensation Bd. of Review, 381 F. App'x 187, 189 (3d Cir. 2010) (discussing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)) (explaining that a Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions, except that "some cases" could be dismissed as unopposed, "particularly if the party is represented by an attorney," or if the party failed to comply with a court's order).

The Court finds that in addition to Plaintiff's failure to oppose the Union Defendants' Rule 12(b)(6) portion of their motion to dismiss, the substantive bases argued by the Union Defendants for the dismissal of Plaintiff's claims against Ausborn, her state-law misrepresentation claim, and her claims against the Local Branch 370 also warrant the dismissal of those claims for the reasons presented by the Union Defendants. Consequently, the only remaining claim against the Union

Defendants the Court will allow to proceed is Plaintiff's DFR claim against NALC.[5]

**CONCLUSION**

For good cause having been shown, the Court extends the time for service of Plaintiff's complaint on the Union Defendants, *nunc pro tunc*, and therefore deems Plaintiff's August 2017 service of process on the Union Defendants to be in compliance with Rule 4(m). All of Plaintiff's claims against Ausborn, NALC, and Local Branch 370 fail, however, to state viable claims and must be dismissed under Rule 12(b)(6), except for Plaintiff's duty of fair representation claim against NALC, which may proceed on the merits.

An appropriate Order will be entered.

Date: March 15, 2018       s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.

---

[5] The Union Defendants only moved to dismiss Plaintiff's DFR claim against NALC for untimely service.